# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, 4510                                  Telephone: (212) 317-1200
New York, New York 10165                                   Facsimile: (212) 317-1620
_____

gnaydenskiy@faillacelaw.com

**BY ECF**

July 8, 2019

**BY ECF**
Hon. Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: Bahena Escobar et al v. Pirata Tapas, Inc. et al
       17-cv-9850 (RA)

Your Honor:

  This office represents Plaintiff in the above referenced matter. The parties have agreed to a negotiated settlement ("Agreement"). A copy of the Agreement is attached hereto as Exhibit A. We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## BACKGROUND

  Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

As per Plaintiff's counsel's calculations, Plaintiffs best case scenario would be approximately $17,015 in wages owed. Plaintiff's maximum recovery including liquidated damages, penalties, and interest, but excludes attorneys' fees and costs would have been $47,775.94. However, because Defendants have raised issues about their financial ability to withstand such a judgment and in order to avoid the risks of protracted litigation, the parties have agreed to settle this action for the total sum of $23,000[1].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, Defendants have raised issues with their ability to pay a judgment[2]. Therefore, Plaintiffs believe the settlement is reasonable due to the risk of collecting a judgment if he is to prevail.

---

[1] A copy of Plaintiffs' damages chart is attached as Exhibit B.
[2] Defendants produced taxes for the majority of Defendants except Defendant Martinez.

## ATTORNEYS' FEES

Plaintiffs' counsel will receive $9,160.62 which is one-third from $23,000 minus 2,240.95 costs ($6,919.68) and costs of $2,240.95 which represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees).

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $3,883 in attorneys' fees and $2,240.95 in costs[3], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

> i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."
>
> ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and

---

[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."

    Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit C with my initials "GN."

    iii.  Colin Mulholland was an associate with Michael Faillace & Associates. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. He is billed at a rate of $375 per hour and indicated by the initials "CM."[4]

  These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

  In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

  Thank you for your consideration in this matter.

          Respectfully Submitted,

          /s/ Gennadiy Naydenskiy

          Gennadiy Naydenskiy

Encls.

---

[4] Additionally, Paralegals are indicated as "PL" and billed at a rate of $100 per hour.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Juan Ricardo Bahena Escobar, *individually and on behalf of others similarly situated,*<br><br>*Plaintiff,*<br><br>-against-<br><br>Pirata Tapas Inc. (d/b/a Viale), Freddy Tejada, Dewin Rafael Mateo, and, Elvis Martinez,<br><br>*Defendants.* | 17-cv-09850<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

     This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Juan Ricardo Bahena Escobar ("Plaintiff Bahena") on the one hand, Pirata Tapas Inc. (d/b/a Viale), ("Defendant Corporation"), Freddy Tejada, Dewin Rafael Mateo, and Elvis Martinez, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

     WHEREAS, Plaintiff Bahena alleges that he worked for Defendants as an employee; and

     WHEREAS, a dispute has arisen regarding Plaintiff Bahena's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-09850 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

     WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

     WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

     NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Bahena and his counsel, subject to the terms and conditions of this Agreement, the gross sum of Twenty-Three Thousand Dollars and No Cents (**$23,000.00**) (the "Settlement Amount"), within thirty (30) days of approval of this Agreement by the Court, or any order modifying and entering this Agreement, made payable as follows:

| Juan Ricardo Bahena Escobar | $13,839.38 by IRS Form 1099 |
|---|---|
| Michael Faillace & Associates, | $9,160.62 by IRS Form 1099 |

1231196.1

| attorneys' fees and costs | |

The payment set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165.

2. Release and Covenant Not To Sue: Plaintiff Bahena hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Bahena at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Bahena from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff as of the Effective Date of this Agreement.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Bahena and Defendants.

5. Acknowledgments: Plaintiff Bahena and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Bahena:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Victor Jose Molina, Jr
**LAW OFFICE OF VICTOR J. MOLINA**
930 Grand Concourse, Ste 1A
Bronx, NY 10451
Tel: (718)-401-1600
Fax: 718-401-1611
Email: v.j.molina@verizon.net

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Bahena agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff Bahena acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Bahena confirms that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _____      Date: 07-08-19
JUAN RICARDO BAHENA ESCOBAR

**DEFENDANTS:**

By: _____   Date: 7/2/2019
Counsel for Defendants
Benjamin Sharav

By: _____   Date: 7/2/2019
FREDDY TEJADA

By: _____   Date: 7/2/2019
DEWIN RAFAEL MATEO
PIRATA TAPAS INC.
Individually and as
President and
authorized signatory
for Pirata Tapas Inc.

# EXHIBIT B

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | | | Minimum Wage | | | "Credited" Weekly Pay |
|---|---|---|---|---|---|---|---|---|
| | Start | End | Weeks | Hours Per Week | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | |
| **Juan Ricardo Bahena Escobar** | 3/1/2017 | 6/30/2017 | 17 | 48 | $ 11.00 | $ 16.50 | $ 1,170.00 | $ 900.00 |
| | 7/1/2017 | 10/31/2017 | 17 | 49 | $ 11.00 | $ 16.50 | $ 1,337.50 | $ 1,000.00 |
| | 11/1/2017 | 12/5/2017 | 5 | 49 | $ 11.00 | $ 16.50 | $ 1,337.50 | $ - |
| | | | | | | | | |
| | | | | | | | | |
| **TOTAL DAMAGES** | | | | | | | | |
| | | | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| **NYLL - SOL** | 12/17/2011 | | | | |
| **NYLL Amendment Date** | 4/9/2011 | | | 1 | **This chart is based upon preliminary information and the expected testimony of Plaintiffs.** |
| **FLSA - SOL** | 12/16/2014 | | | 2 | **Plaintiffs reserve the right to correct or amend this chart.** |
| **Filing Date** | 12/15/2017 | | | 3 | **This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records un** |
| **Today's Date** | 7/8/2019 | | | | |

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | Paid Wages | | Unpaid Wages & OT | | |
|---|---|---|---|---|---|---|---|
| | Start | End | Regular Hourly Pay Rate | Hourly OT Pay Rate | Underpayment Per Week | Total Unpaid Wages & OT | Liq. Damages on Wages & OT |
| Juan Ricardo Bahena Escobar | 3/1/2017 | 6/30/2017 | $ 22.50 | $ 33.75 | $ 270.00 | $ 4,590.00 | $ 4,590.00 |
| | 7/1/2017 | 10/31/2017 | $ 25.00 | $ 37.50 | $ 337.50 | $ 5,737.50 | $ 5,737.50 |
| | 11/1/2017 | 12/5/2017 | $ - | $ - | $ 1,337.50 | $ 6,687.50 | $ 6,687.50 |
| | | | | | | $ 17,015.00 | $ 17,015.00 |
| | | | | | | | |
| TOTAL DAMAGES | | | | | | $ 17,015.00 | $ 17,015.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| NYLL - SOL | 12/17/2011 | | | | | | |
| NYLL Amendment Date | 4/9/2011 | | | | | | |
| FLSA - SOL | 12/16/2014 | | | | | | |
| Filing Date | 12/15/2017 | | der the FLSA and NYLL. | | | | |
| Today's Date | 7/8/2019 | | | | | | |

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | | Spread of Hours | | Pre-Judgment Interest | | Wage Notice |
|---|---|---|---|---|---|---|---|---|
| | Start | End | SOH Days per Week | Unpaid SOH Pay | Liq. Damages on Unpaid SOH Pay | PJI on Wages | PJI on SOH | |
| **Juan Ricardo Bahena Escobar** | 3/1/2017 | 6/30/2017 | 0 | $ - | $ - | $ 904.61 | $ - | $ 5,000.00 |
| | 7/1/2017 | 10/31/2017 | 1 | $ 187.00 | $ 187.00 | $ 957.46 | $ 31.21 | |
| | 11/1/2017 | 12/5/2017 | 1 | $ 55.00 | $ 55.00 | $ 985.73 | $ 8.11 | |
| | | | | **$ 242.00** | **$ 242.00** | **$ 2,847.80** | **$ 39.31** | **$ 5,000.00** |
| | | | | | | | | |
| **TOTAL DAMAGES** | | | | **$ 242.00** | **$ 242.00** | **$ 2,847.80** | **$ 39.31** | **$ 5,000.00** |

| | |
|---|---|
| NYLL - SOL | 12/17/2011 |
| NYLL Amendment Date | 4/9/2011 |
| FLSA - SOL | 12/16/2014 |
| Filing Date | 12/15/2017 |
| Today's Date | 7/8/2019 |

For Settlement Purposes Only
Royal Pizza

| Plaintiff | Pay Period | | Other Claims | | TOTALS |
|---|---|---|---|---|---|
| | Start | End | Wage Statement | Tools of the Trade | |
| Juan Ricardo Bahena Escobar | 3/1/2017 | 6/30/2017 | $ 5,000.00 | $ 375.00 | $ 20,459.61 |
| | 7/1/2017 | 10/31/2017 | | | $ 12,837.67 |
| | 11/1/2017 | 12/5/2017 | | | $ 14,478.83 |
| | | | $ 5,000.00 | $ 375.00 | $ 47,776.11 |
| | | | | | |
| **TOTAL DAMAGES** | | | **$ 5,000.00** | **$ 375.00** | **$ 47,776.11** |

| | |
|---|---|
| **NYLL - SOL** | 12/17/2011 |
| **NYLL Amendment Date** | 4/9/2011 |
| **FLSA - SOL** | 12/16/2014 |
| **Filing Date** | 12/15/2017 |
| **Today's Date** | 7/8/2019 |

# EXHIBIT C

# *Michael Faillace & Associates, P.C.*

60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200    Fax:(212) 317-1620

Juan Bahena Escobar                                                                                      July 8, 2019
115 McClellan St. Apt. 51B
Bronx, NY
10452

|            |           | File #: | Viale |
|------------|-----------|---------|-------|
| **Attention:** |           | Inv  #: | 1154  |

RE:   Bahena Escobar v. Pirata Tapas Inc. et al (17-cv-09850-RA)

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Dec-08-17 | interviewed client and got the facts for the complaint; instructed staff on use of the language | 0.90 | 405.00 | MF |
|  | reviewed and corrected complaint; reviewed amended language in the complaint with JS | 1.70 | 765.00 | MF |
| Dec-13-17 | reviewed complaint; discussed with client fact that another plaintiff will be joining the case | 0.50 | 225.00 | MF |
| Dec-14-17 | reviewed and corrected complaint after discussing facts with client; requested that staff give a final review to the complaint | 1.80 | 810.00 | MF |
| Jan-08-18 | had telephone conference with client; attempted to call defendants; requested that client provide us with telephone numbers and addresses of the defendants | 0.20 | 90.00 | MF |
| Feb-19-18 | CM updated us on case | 0.10 | 45.00 | MF |
| Mar-08-18 | Cert of Default and affirm | 0.20 | 70.00 | CM |
| Mar-16-18 | Discussion with Maria and client about content of declaration | 0.50 | 175.00 | CM |
| May-02-18 | Review of Default Materials prior to submission | 1.30 | 455.00 | CM |

| Date | Description | Hours | Amount | |
|---|---|---|---|---|
| Mar-18-19 | travel to ocurt | 0.40 | 70.00 | GN |
| | court | 0.40 | 140.00 | GN |
| | travel from court | 0.40 | 70.00 | GN |
| Mar-19-19 | Called Client About Possible Offer | 0.03 | 3.00 | PL |
| Mar-28-19 | conference with def attorney re: sett | 0.10 | 0.00 | GN |
| Mar-29-19 | conference with def attorney re: sett | 0.10 | 35.00 | GN |
| | conference with def attorney re: sett | 0.10 | 35.00 | GN |
| | conference with def attorney re: sett | 0.10 | 35.00 | GN |
| Jun-25-19 | review/revise draft agreement | 0.30 | 105.00 | GN |
| Jul-08-19 | draft, review, and edit fairness motion | 1.00 | 350.00 | GN |
| | Totals | 10.13 | $3,883.00 | |

## DISBURSEMENTS

| Date | Description | Amount |
|---|---|---|
| | Filing Fee | 400.00 |
| Dec-20-17 | Process Server: Service on Pirata Tapas Inc. (Invoice SP1714301) | 65.00 |
| | Process Server - Complaint and Summons on Dewin Rafael Mateo | 50.00 |
| | Process Server - Complaint and Summons on Elvis Martinez | 50.00 |
| | Process Server - Complaint and Summons on Freddy Tejada | 50.00 |
| | Process Server - Complaint and Summons Pirata Tapas Inc. | 50.00 |
| Jun-05-18 | Postage Expense of Amended OTSC via Mail | 34.68 |
| Jun-08-18 | Process Server of OTSC on Pirata Tapas Inc. | 66.00 |
| Jun-12-18 | Process Server of OTSC on Freddy Tejada | 287.80 |
| | Process Server of OTSC on Elvis Martinez at store | 94.80 |
| | Process Server of OTSC on Dewin Rafael Mateo | 94.80 |
| Jun-15-18 | Process Server of Order to Show Cause on Freddy Tejada | 234.60 |

| Date | Description | Amount |
|---|---|---|
| Jun-19-18 | Process Server of Order to Show Cause on Dewin Rafael Mateo | 287.80 |
| Jun-25-18 | Process Server of Order to Show Cause on Elis Martinez | 265.00 |
| Jul-23-18 | Postage Expense of Order 6-22-18 on Elvis Martinez | 0.47 |
| Jul-24-18 | Process Server of Order 7-17-18 on Elvis Martinez (DGR) | 210.00 |
| | Totals | $2,240.95 |

**Total Fee & Disbursements**     $6,123.95

**Balance Now Due**     $6,123.95