```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #:_____                 │
│ DATE FILED: 07/10/2019               │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JUAN RICARDO BAHENA ESCOBAR,
*individually and on behalf of others similarly
situated*,

                              Plaintiff,                          **17-CV-9850 (KHP)**

                    -against-                                     <u>**ORDER**</u>

PIRATA TAPAS, INC., *d/b/a* VIALE, FREDDY
TEJADA, DEWIN RAFAEL MATEO, and ELVIS
MARTINEZ,

                              Defendant.
-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       In this action under the Fair Labor Standards Act and the New York Labor Law, which is

before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties,

having reached an agreement in principle to resolve the action, have placed their proposed

settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).

Plaintiff has also submitted a letter detailing why they believe the proposed settlement

agreement is fair, reasonable, and adequate. (Dkt.61.)  This Court has reviewed Plaintiff's

submissions in order to determine whether the proposed agreement represents a reasonable

compromise of the claims asserted in this action, and, in light of the totality of the relevant

circumstances, including the representations made in Plaintiff's letter and the terms of the

proposed settlement agreement, it is hereby ORDERED that:

    1.     The Court finds that the terms of the proposed settlement agreement are fair,

           reasonable, and adequate, both to redress Plaintiff's claims in this action and to

compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2.    In accordance with the parties' request, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3.    As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4.    The Clerk of Court is directed to close this case on the Docket of the Court.

**SO ORDERED.**

DATED:  July 10, 2019
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

2